IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JULIE EASTERBROOKS

   Plaintiff,

v.                  Civil No.: 2:17cv98

AMERICAN RED CROSS

   Defendant,

*MEMORANDUM OPINION AND ORDER*

## I. INTRODUCTION

Before the Court is American Red Cross' ("Defendant") Motion to Dismiss Julie Easterbrooks' ("Plaintiff") complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6) Motion"). After reviewing the Parties' filings, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED.**

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was employed as a phlebotomist with a formal title of Collection Specialist I, for Defendant since September 15, 2008. Compl. ¶¶ 5, 9. On or about April 1, 2015 at approximately 5:30 p.m., Plaintiff alleges she observed her supervisor, Trish Sorey ("Sorey"), commit a violation when drawing blood from two donors. *Id.* at ¶¶ 12-13. Specifically, Plaintiff alleges that "Sorey tore the tip off her index finger glove and placed her ungloved finger in the venipuncture area, contaminating the sanitized site on two donors." *Id.* at ¶ 14. Plaintiff reported the violation to a supervisor, Kandice Gabriel, at the time of the incident. *Id.* at ¶ 15. Instead of

1

confronting Sorey in the presence of the donors, Plaintiff put a stop on the blood products in question. *Id.* at ¶ 16. Plaintiff then wrote a report of the contamination and immediately provided the report to Ms. Danielle Tuazon who then handed said report to Ms. Brenda Fulmer. *Id.* Plaintiff alleges the report was later discarded. *Id.* Defendant investigated Plaintiff's report and found that Sorey did not commit a violation. *Id.* at ¶ 17. Plaintiff alleges Sorey denied these violations. *Id.*

On April 7, 2015, six days after the incident, Plaintiff's employment was terminated. *Id.* at ¶ 18. At the termination meeting, Plaintiff alleges that several supervisors lied and concealed their awareness of Sorey's habit of violating procedures. *Id.* Defendant's official reason for terminating Plaintiff was that she failed to gain control of the blood products at the time of the contamination. *Id.* at ¶ 19. Plaintiff contends this reason was a pretext and the actual reason for her termination was that she reported Sorey's safety and health violation. *Id.* at ¶ 20.

On or around May 5, 2015, Plaintiff filed a charge of discrimination with the Virginia Department of Labor and Industry ("VADOLI"). *Id.* at ¶ 3. On November 30, 2015, VADOLI found reasonable cause to believe Defendant retaliated against Plaintiff for engaging in a protected activity. *Id.* VADOLI attempted to facilitate conciliation between the parties to no avail. Despite this finding, VADOLI refused to issue a charge, but authorized Plaintiff to sue on her own accord. ECF No. 1, Ex. 1 at 42.

Plaintiff initially filed this complaint in the Circuit Court of the City of Norfolk alleging Defendant violated Virginia Code §§ 40.1-51.1 and 40.1-51.2. et. seq. (*See* Compl.). On February 15, 2017, Defendant removed this case to federal court in the Eastern District of Virginia. ECF. No. 1. On February 22, 2017, Defendant filed the instant motion and memorandum in support. ECF. No. 4 & No. 5. On March 3, 2017, Plaintiff filed her response to

2

Defendant's memorandum. ECF No. 6. On March 9, 2017, Defendant filed its Rebuttal Brief in Support of the instant motion. ECF. No. 7.

### III. LEGAL STANDARD

A Rule 12(b)(6) Motion to Dismiss alleges that a plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Essentially, a Rule 12(b)(6) Motion challenges the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citing *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)). Importantly, a Rule 12(b)(6) Motion does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republic Party of North Carolina v. Martin*, 980 F.2d, 943, 952 (4th Cir. 1992).

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order for a complaint to survive a Rule 12(b)(6) Motion, it need not assert "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), but rather it must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1955). A court must assume the factual allegations are true and construe them "in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952. As a threshold matter, a court must first separate the legal conclusions which are not entitled to the assumption of truth. *Iqbal*, 129 S. Ct at 1950. A court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). In other words, a court is not limited to the four corners of the complaint, but may consider other documents such as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." 5B Charles Alan Wright et al., Federal Practice and Procedure § 1357 (3d ed. 2004 and Supp. 2007). Thus, this is a context-specific task that requires the court to draw on its "judicial experience and common sense." *Francis*, 588 F.3d at 193.

A motion to dismiss for failure to state a claim for relief "should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be provided in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969); *see also Neitzke v. Williams*, 109 S. Ct. 1827, 1832 (1989).

## IV. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

#### a) Virginia Code § 40.1-51.2:1. Discrimination against employee for exercising rights prohibited

The primary issue presented is whether Plaintiff has pleaded sufficient factual matter, when accepted as true, to state a plausible claim for relief under Virginia Code § 40.1-51.2:1 (§ "40.1-51.2:1"). Specifically, the Court must determine whether Plaintiff's factual allegations support an inference that her safety and health complaint was made for the "safety, health, and welfare of [the] employees."

Section 40.1-51.2:1 provides that "[n]o person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for

4

themselves or others." Va. Code Ann. § 40.1-51.2:1. Title 40.1 of the Code "is intended to provide solely for the safety, health, and welfare of employees" and "shall not run to any other person." Va. Code Ann. § 40.1-3; *see also McFarland v. Va. Ret. Servs. of Chesterfield, L.L.C*, 477 F. Supp. 2d 727, 737 (E.D. Va. 2007) (holding § 40.1-51.2:1 does not extend to complaints unrelated to employees). Thus, to properly state a claim for relief under § 40.1-51.2:1, a plaintiff must claim that 1) she has been terminated or retaliated against for 2) partaking in a protected activity, such as reporting a safety and health complaint, and it was 3) related to the "safety, health, and welfare of employees."

Defendant asserts that Plaintiff has failed to state a claim for relief because Virginia Code § 40.1-51.2:1 is inapplicable. Def.'s Mem. in Supp. at 3-4, ECF No. 5. Taking Plaintiff's allegations as true, Defendant concludes that Plaintiff's actions only illustrate a concern for the products and recipients of the donated blood, not the health and safety of the employees. *Id.* at 4. However, Defendant's application of Rule 12(b)(6)'s standard is misguided. First, although Defendant took Plaintiff's factual allegations as true, Defendant did not construe said allegations in the light most favorable to Plaintiff. Second, Defendant failed to consider other pertinent documents related to the complaint.

Here, Plaintiff alleges that she observed Sorey commit a violation by "contaminating a sanitized area by touching a donor with her un-gloved finger." Compl. ¶¶ 12-14. Plaintiff further alleges that she "reported the violation to a supervisor" and then "wrote a report on the contamination" and provided it to Ms. Tuazon. *Id.* at ¶¶ 15-16. Construing these allegations in the light most favorable to Plaintiff, she seemingly reported the violation out of concern for Sorey and possibly even the employees who would subsequently handle the contaminated blood.

5

Indeed, various documents in the record support Plaintiff's argument. First, Plaintiff clarifies in her opposition that her concern "pertain[ed] directly to the health and safety of [the] employees under the supervision and direction of Sorey, as well as concern for the health and safety of Sorey." (Pl.'s Resp. Mem. Supp. Def.'s Mot. Dismiss 2). Plaintiff also worried that Sorey's actions validated the improper behavior increasing "the likelihood of her mentees violating safety protocols" in the future. *Id.* at 3. Second, VADOLI's report found that it was "undisputed that [Plaintiff] reported concerns of observing [Sorey] exposing herself to blood-borne pathogens to a member of the Respondent's management staff, the Lead Charge, on or about March 31, 2015." ECF No. 1, Ex. 1 at 15. This same report found that the temporal relationship between the termination and complaint supports an inference that she was terminated for reporting the violation. *Id.* at 16.

Notably, the parties' opposing reasons are not mutually exclusive. Thus, even if Plaintiff was concerned for the blood products and recipients, this does not preclude her from receiving the protection of § 40.1-51.2:1, so long as part of her reason for reporting the safety and health violation was concern for the employees.

Accordingly, the Court finds that Plaintiff pleaded sufficient factual matter to state a claim for relief under §40.1-51.2:1.

### b) Virginia Code § 40.1-51.2:2. Remedy for Discrimination

Defendant further contends that even if this Court finds § 40.1-51.2:1 is applicable, Virginia Code § 40.1-51.2:2 ("§ 40.1-51.2:2") does not provide a private right of action. Section 40.1-51.2:2 provides employees a remedy for discrimination in violation of § 40.1-51.2:1. For a plaintiff to claim relief under the statute, she must "within 60 days after such violation occurs, file a complaint with the Commissioner alleging such discharge or discrimination." Va. Ann.

Code § 40.1-51.2:2. If the Commissioner's investigation finds § 40.1-51.2.1 has been violated, he shall attempt by conciliation to abate the violation. *Id.* If a voluntary agreement cannot be obtained, the Commissioner shall bring an action in a circuit court having jurisdiction over the person charged with the violation. *Id.* Should the Commissioner, based on the results of his investigation of the complaint, refuse to issue a charge, the employee may bring an action in circuit court for the alleged discrimination. *Id.*

Defendant presents three arguments asserting that § 40.1-51:2:2 is inapplicable. First, Defendant argues the Commissioner issued a charge when he found a violation of § 40.1-51.2:1 and mandated conciliation, thus precluding Plaintiff's ability to bring this action. Second, Defendant argues that even if a "finding" cannot be equated with a "charge," the Commissioner's subsequent refusal to issue a charge after he found a violation could not have been based upon his findings. Lastly, Defendant argues that Plaintiff has failed to properly exhaust administrative remedies. All of these arguments are unavailing.

Here, Plaintiff timely filed a complaint with VADOLI within sixty days of the incident. Moreover, Plaintiff received a letter from the Commissioner that explicitly stated, "[t]he Commissioner *refuses to issue a charge* against the American Red Cross for allegedly discriminating, under the provisions of § 40.1-51.2:1 against Julie Easterbrooks. Ms. Easterbrooks may bring action in a circuit court having jurisdiction over the American Red Cross for appropriate relief under §40.1-51.2:2." ECF No. 1, Ex. 3 at 46 (emphasis added). It is unclear why the Commissioner refused to issue a charge. However, the failure to issue a charge is irrelevant given the fact that the Commissioner authorized Plaintiff to bring this legal action.

Accordingly, the Court finds that Plaintiff has a private right of action under § 40.1-51.2:2.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 14, 2017

Raymond A. Jackson
United States District Judge